UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE E. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEHOSHUA JALIJALI, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:22-cv-00605-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING DEFENDANTS' MOTION TO REVOKE IN FORMA PAUPERIS AS MOOT, AND DENYING PLAINTIFF'S MOTION TO REFER CASE TO THE COURT'S ADR PROJECT<br><br>ECF Nos. 17, 19, & 25 |

　　　　Plaintiff commenced this action on April 6, 2022, while he was incarcerated at Folsom State Prison. ECF No. 1. On April 28, 2022, I granted plaintiff's application to proceed *in forma pauperis* and found that he alleged viable Eighth Amendment excessive force claims against defendants Jalijali and LaCroix and a viable First Amendment retaliation claim against Jalijali. ECF No. 7.

　　　　Defendants subsequently filed a motion to revoke plaintiff's *in forma pauperis* status, arguing this his release from custody made his *in forma pauperis* status under § 1915(b) inapplicable. ECF No. 19. Defendants assert that plaintiff must file a new application to proceed *in forma pauperis* under § 1915(a)(1). *Id.*

　　　　When a plaintiff is released from custody, 28 U.S.C. § 1915(b)'s fee collection provision is unenforceable. *Townsend v. Rendon*, No. 1:21-cv-01120-DAD-SAB (PC), 2022 WL 1462181,

at *2 (E.D. Cal. Apr. 1, 2022).  Accordingly, a released prisoner-plaintiff must submit an updated *in forma pauperis* affidavit under 28 U.S.C. § 1915(a)(1) or pay the filing fee.  *Id.*; *Adler v. Gonzalez*, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015). After defendants filed their motion, plaintiff filed an application seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  ECF No. 25.  Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and defendants' motion to revoke plaintiff's *in forma pauperis* status is denied as moot.

Plaintiff has filed a motion requesting that this case be referred to the court's Alternative Dispute Resolution ("ADR") Project, which defendants oppose.  ECF Nos. 17, 20.  At this juncture, a settlement conference would likely be unproductive and waste scarce judicial resources.  Accordingly, plaintiff's request to refer this case to the court's ADR Project, ECF No. 17, is denied at this time.

If, after the parties have completed discovery, plaintiff still believes that a settlement conference would be beneficial, he may renew his request to set a settlement conference.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for this matter to be referred to the court's ADR Project, ECF No. 17, is denied at this time.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 25, is granted.

3. Defendants' motion to revoke plaintiff's *in forma pauperis* status, ECF No. 19, is denied as moot.

IT IS SO ORDERED.

Dated:   November 27, 2022                    _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE