UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE E. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEHOSHUA JALIJALI, *et al.*,<br><br>　　　　Defendants. | Case No.  2:22-cv-00605-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff Lance E. Williams is a former state inmate proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action brought under 42 U.S.C. § 1983.  This case proceeds against correctional officers Jehoshua Jalijali and D. LaCroix on an Eighth Amendment excessive force claim against both officers and a First Amendment retaliation claim against Jalijali.  ECF No. 1.

  Pending is a motion to dismiss by LaCroix and a motion to dismiss and revoke plaintiff's *in forma pauperis* status by both defendants.  ECF Nos. 29 & 34.  In the first, LaCroix argues that dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) because plaintiff fails to state a claim against him and because he is entitled to qualified immunity.  In the second, both defendants move to dismiss under 28 U.S.C. § 1915(e)(2)(A) and to revoke plaintiff's *in forma pauperis* status because, defendants maintain, plaintiff knowingly made material misrepresentations on his application to proceed *in forma pauperis*.  Plaintiff opposes both

1

motions.

I find that plaintiff's representations on his *in forma pauperis* application were false, but I am not convinced they were made in bad faith. I will therefore recommend that defendants' motion to dismiss be granted in part and that plaintiff's *in forma pauperis* status be revoked. Further, I will deny defendant LaCroix's motion to dismiss as moot and grant plaintiff's motion to amend his complaint.[1]

**Motion to Revoke Plaintiff's *In Forma Pauperis* Status**

**A. Relevant Procedural History**

Plaintiff initiated this action on April 6, 2022. ECF No. 1. At the time, he was incarcerated at Folsom State Prison where both defendants were employed as correctional officers. *See id.* at 1-2. On April 15, 2022, plaintiff submitted an application to proceed *in forma pauperis* as a prisoner pursuant to 28 U.S.C. § 1915(b)(1). ECF No. 5. In granting the application, I noted that plaintiff was a "three-striker" within the meaning of 28 U.S.C. § 1915(g) but that he had sufficiently alleged imminent danger of serious physical injury. ECF No. 7 at 1.

Plaintiff was released on parole on June 19, 2022. ECF No. 19-1 at 2. Because plaintiff was no longer a prisoner, defendants moved to revoke his *in forma pauperis* status. They asked that plaintiff either pay the filing fee or submit a completed application to proceed *in forma pauperis* as a non-prisoner. *Id.* On September 28, 2022, plaintiff filed a second application to proceed *in forma pauperis*, this time pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 25. In support, he declared under penalty of perjury that he had not received any money from any source over the last twelve months and that he did not have any cash or other assets. *Id.* at 1-2. In November 2022, I granted plaintiff's application and denied as moot defendants' motion to revoke. ECF No. 27.

**B. Legal Standard**

28 U.S.C. § 1915(a)(1) provides, in relevant part: "[A]ny court of the United States may

---

[1] Plaintiff argues in his opposition to defendant's motion to dismiss that he neglected to include important allegations and asks for an opportunity to amend his complaint. *See* ECF No. 32. I construe plaintiff's filing as a motion for leave to amend.

2

authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor."[2] Where an *in forma pauperis* affidavit is written in the language of § 1915(a)(1), the court should ordinarily accept it, particularly if it is unquestioned "and where the judge does not perceive a flagrant misrepresentation." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

      A court may dismiss a case in which a party is granted *in forma pauperis* status if the court determines that "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Inaccuracy in an *in forma pauperis* application does not, standing alone, warrant dismissal. Rather, the application must have been created in bad faith. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015). If the court declines to find bad faith but does find that plaintiff's allegation of poverty was untrue, a lesser sanction may be appropriate, such as a revocation of *in forma pauperis*—and requiring that the filing fee be paid. *See Witkin v. Lee*, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020).

**C. Discussion**

      Defendants argue that plaintiff intentionally hid assets from the court in his *in forma pauperis* application. Specifically, they maintain that plaintiff falsely declared in his second application that he had not received money from any source in the past twelve months, did not have cash in any accounts, and did not have any other assets. They argue that, in fact, plaintiff's inmate trust account showed a balance of $505 as of September 2022 and a $5,400 settlement payment in May 2022. *See* ECF No. 34-2 at 5. In addition, plaintiff settled a case in May 2022 and, as part of the resolution, became entitled to a $1,400 payment. ECF No. 34-1 at 4-8. Separately, plaintiff represented in a filing in the Central District of California that he received $800 from employment between July 15, 2022, and September 1, 2022. ECF No. 36 at 14-15. Relying on plaintiff's extensive litigation history, which includes thirty-nine cases filed in federal

---

[2] An explanatory note to the statute clarifies that: "The word 'person' has been inserted in subsec. (a)(1) as the word probably intended by Congress."

1     court between 2014 and 2022, with applications for *in forma pauperis* status filed in thirty-three

2     of them, defendants claim that plaintiff's bad faith "can be reasonably inferred."³ ECF No. 37 at

3     2.

4           Plaintiff does not dispute that, when he filed his application to proceed *in forma pauperis*,

5     he had $505 in his inmate trust account. Neither does he dispute that he received a $5,400

6     settlement payment in May 2022, was entitled to a $1,400 settlement payment in another matter,

7     and received $800 income. *See* ECF No. 36. Instead, he makes the following arguments: CDCR

8     "confiscated" his $5,400 settlement payment by placing it in his inmate trust account instead of

9     sending it to a third party identified in the agreement; he forgot to include his $800 income; the *in*

10    *forma pauperis* process is confusing; and he did not know he was required to report his $1,400

11    settlement. Moreover, he argues that the court should excuse his errors because he is a "pro se

12    layman inmate newly released to streets homeless and broke." *Id.* at 2-3. Finally, he argues that

13    he applied for *in forma pauperis* status on the incorrect form (CV-60), and that he should be

14    permitted to submit the proper form (AO 240). *Id.* at 3.

15          I find that plaintiff made false representations on his application to proceed *in forma*

16    *pauperis*, but that defendants' argument plaintiff did so intentionally is wanting. Turning first to

17    the $1,400 settlement agreement entered in May 2022, defendants present no evidence that

18    plaintiff received those funds before he filed his application. The agreement itself notes that

19    "CDCR will make a good-faith effort to pay the settlement amount . . . within 180 days from the

20    date Plaintiff delivers to Defendants a signed settlement agreement . . . ." ECF No. 34-1 at 4. As

21    for the $5,400 settlement payment, I am persuaded that plaintiff believed—erroneously, as it turns

22    out—that he did not need to report the funds since they were deposited to his inmate trust

23    account, purportedly in violation of the settlement agreement. Likewise, I hesitate to find bad

24    faith in plaintiff's failure to report the $800 he received from a temporary job. Lastly, while

25    plaintiff does not address the $505 in his inmate trust account, I note that it would not have

26    prevented him from proceeding *in forma pauperis*. For these reasons, defendants' motion to

27    ─────────────────

28        ³ Defendants request judicial notice of plaintiff's filings. That request is granted. Fed. R. Evid. 201.

dismiss should be denied.

Nevertheless, it appears that plaintiff did knowingly omit the $505 in his inmate trust account. In another case filed by plaintiff in the Central District of California, defendants moved to dismiss on the same grounds asserted in this case: namely, that plaintiff made false representations on his application to proceed *in forma pauperis*. *See Williams v. Sabo*, Case No. 2:20-cv-1373-PA-KK (C.D. Cal.). There, the court concluded that plaintiff was aware of the $505 funds in his inmate trust account when he failed to report it. *See id.*, ECF No. 111 at 7 ("Plaintiff's assertion that he did not know about the $505 balance in his inmate trust account is not credible in light of the evidence of telephonic and email correspondence submitted by Defendants showing Plaintiff was aware of the balance prior to filing the Amended IFP Application."). Because the court found that plaintiff intentionally failed to report this balance, his *in forma pauperis* status was revoked. Here, I similarly find revocation to be the appropriate sanction considering plaintiff submitted his application to proceed *in forma pauperis* in this case only two weeks after submitting his application in the Central District of California. I will therefore recommend that his *in forma pauperis* status be revoked and plaintiff be directed to pay the filing fee in full.

**Defendant LaCroix's Motion to Dismiss**

Defendant LaCroix moves to dismiss the sole claim of excessive force against him because the complaint does not allege that he touched plaintiff or in any way used excessive force against him. ECF No. 29 at 9. Plaintiff opposes the motion and asks to file an amended complaint because he neglected to include important details in the complaint. ECF No. 32 at 1.

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." *See also Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The rule favoring liberal amendment is "particularly important" when the party moving is proceeding pro se since pro se litigants are "prone to making errors in pleading." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Guided by these standards, plaintiff's motion for leave to amend is granted.

5

Consequently, LaCroix's motion to dismiss will be denied as moot.

Based on the foregoing, it is hereby ORDERED that:

1. The Clerk of Court shall randomly assign a District Judge to this case.

2. Plaintiff's filing, ECF No. 32, is construed as a motion for leave to amend and is granted.

3. Defendant LaCroix's motion to dismiss, ECF No. 29, is denied as moot.

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) be granted in part, ECF No. 34, and plaintiff's *in forma pauperis* status be revoked.

2. Plaintiff be granted thirty days from the adoption of these findings and recommendations to submit the filing fee in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE