UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE E. WILLIAMS, | No. 2:22-cv-00605-KJM-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| JEHOSHUA JALIJALI, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2023, the magistrate judge filed findings and recommendations, ECF No. 38, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff objects in part to the findings and recommendations and asks the court not to revoke his *in forma pauperis* status.  ECF No. 39.  In response, defendants ask the court to disregard plaintiff's objection as late and unsupported by argument or legal authority.  ECF No. 40.  The court considers both plaintiff's objections and defendants' substantive response.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  The court agrees with the Magistrate Judge

1

1 that dismissal would be an inappropriately harsh punishment for plaintiff's failure to disclose
2 several payments and accounts.  *See* F&Rs at 5.  As the Magistrate Judge correctly notes, plaintiff
3 would not have disqualified himself from proceeding *in forma pauperis* by disclosing his
4 financial status completely and accurately.  *Cf., e.g.*, *Adkins v. E.I. DuPont de Nemours & Co.*,
5 335 U.S. 331, 339 (1948) ("We cannot agree with the court below that one must be absolutely
6 destitute to enjoy the benefit of the statute.").  But plaintiff very likely knew his application was
7 inaccurate.  "Although the [Magistrate Judge] might have granted the plaintiff's *in forma*
8 *pauperis* petition even if he'd disclosed his separate trust account, hiding assets is not a
9 permissible alternative to seeking the judge's assistance."  *Kennedy v. Huibregtse*, 831 F.3d 441,
10 443 (7th Cir. 2016).  Litigants must "tell the truth, then argue to the judge why seemingly adverse
11 facts (such as the trust fund in this case) are not dispositive.  A litigant can't say, 'I know how the
12 judge *should* rule, so I'm entitled to conceal material information from him.'"  *Id.*  Revoking
13 plaintiff's *in forma pauperis* status is an appropriate sanction for his knowing omissions.
14      The court otherwise agrees with and adopts the Magistrate Judge's findings and
15 recommendations.  Accordingly, IT IS HEREBY ORDERED that:
16      1.  The findings and recommendations filed July 25, 2023, are adopted in full;
17      2.  Defendants' motion to dismiss under 28 U.S.C. § 1915(e)(2)(A) is granted in part, ECF
18 No. 34, and plaintiff's in forma pauperis status is revoked;
19      3.  Plaintiff is granted thirty days from this order to submit the filing fee in full; and
20      4.  This matter is referred back to the assigned magistrate judge for all further pretrial
21 proceedings.
22 DATED:  September 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

2