UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, | Case No.  2:22-cv-0605-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JEHOSHUA JALIJALI, *et al.*, | |
| Defendants. | |

On April 20, 2026, defendants filed a motion to dismiss the claims against defendant LaCorix. ECF No. 60.  To date, plaintiff has failed to respond.  He has filed a request for clarification, ECF No. 61, wherein he states that defendants' counsel sent him a "stipulation order" that he does not understand.  He also requests a copy of the operative complaint, stating that he has lost his own copy. *Id.* at 1.  Plaintiff's request for clarification is granted.  As explained in defendants' motion to dismiss, I granted plaintiff leave to amend in July 2023.  ECF No. 38.  Plaintiff's *in forma pauperis* status was revoked at that time, and, after an appeal, that decision was reversed.  ECF Nos. 42 & 49.  He has since been granted permission to proceed *in forma pauperis* again, but he has not filed an amended complaint.  I cannot force him to do so.  Accordingly, the status of this case is that plaintiff must respond to the pending motion to dismiss.  If he fails to do so, I will recommend that this action be dismissed for failure to prosecute.

1

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given an opportunity to explain why the court should not dismiss his case for failure to file an opposition or statement of non-opposition to defendants' motion to dismiss. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case.

Accordingly, it is ORDERED that:

1. Plaintiff must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to prosecute. Should plaintiff wish to continue with this lawsuit, he shall also file, within twenty-one days, an opposition or statement of non-opposition to defendants' motion to dismiss.

2. Plaintiff's request for clarification, ECF No. 61, is GRANTED consistent with the clarification offered in this order. The Clerk of Court shall send him a copy of ECF No. 1 as a one-time courtesy.

IT IS SO ORDERED.


Dated:     June 17, 2026          _____
                                  JEREMY D. PETERSON
                                  UNITED STATES MAGISTRATE JUDGE

2