UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>Plaintiff,<br>v.<br>JEHOSHUA JALIJALI, *et al.*,<br>Defendants. | Case No. 2:22-cv-0605-DC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brings this action against defendants Jalijali and LaCroix and alleges that both violated his Eighth Amendment rights by using excessive force against him, and Jalijali violated his First Amendment rights by retaliating against him for filing a grievance. ECF No. 7 at 3 (explaining which claims are cognizable). Defendants have filed a motion to dismiss the claim against LaCroix. ECF No. 60 at 7. Plaintiff has filed an opposition, ECF No. 64, and an amended complaint, ECF No. 65. Defendants have filed a reply, wherein they state that they do not oppose plaintiff amending his excessive force claim against LaCroix; they do, however, oppose leave to assert a medical deliberate indifference claim against him. ECF No. 66 at 2. After screening the amended complaint, I find that it asserts a viable First Amendment retaliation claim against LaCroix (but not against Jalijali), and viable Eighth Amendment excessive force claims against both defendants. It fails to state a viable Eighth Amendment denial of medical

care claim against either defendant. Accordingly, I recommend that defendants' motion to dismiss, ECF No. 60, be DENIED as moot due to the filing of the amended complaint. I also recommend that the medical deliberate indifference claims against both defendants, and the retaliation claim against Jalijali be dismissed, and this action proceed based solely on the retaliation against LaCroix and the excessive force claims against both defendants.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

As before, plaintiff alleges that, on March 21, 2022, defendants Jalijali and LaCroix refused to process his mail. ECF No. 65 at 5. Plaintiff does not allege why Jalijali refused to process his mail but does claim that the refusal violated his right to access the courts. *Id.* This claim is not cognizable because plaintiff does not allege that the inability to process his mail on the day in question actually hindered his ability to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (holding that an inmate pursuing an access to courts claim must allege an "actual injury" caused by defendants' conduct). By contrast, plaintiff alleges that LaCroix declined to process his mail because of a prior administrative grievance submitted against him. ECF No. 65 at 5. This is sufficient to state a viable First Amendment retaliation claim.

After the alleged refusal to process plaintiff's mail, defendants ordered him back to his cell. *Id.* Plaintiff claims that, as he approached the cell, defendant Jalijali shoved him, causing him to trip and injure himself against the bunk beds within. *Id.* Afterwards, he alleges that defendant LaCroix injured his ankle by purposefully stepping on it. *Id.* These allegations are sufficient to state an Eighth Amendment excessive force claim against both defendants.

Plaintiff's Eighth Amendment denial of medical care claims fail, however. He alleges that, after the use of force, both defendants refused to summon medical care for him. *Id.* Plaintiff does not allege what, if any, injury was caused by the failure to summon immediate medical care. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (holding that an allegation of medical deliberate indifference must include "harm caused by the indifference."). And a prison grievance plaintiff wrote on the incident is also silent as to any harm caused by defendants' failure to summon medical care. There, plaintiff identifies the inability to go to dinner or receive his prescribed medication as his primary issues after the incident. ECF No. 65 at 12. The grievance does state that defendants failed to summon medical care but, again, makes no mention of any specific harm or injuries caused by that failure. *Id.* at 12-13.

Accordingly, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 60, be DENIED as moot.

2. This action proceed based solely on the First Amendment retaliation claim against LaCroix and the Eighth Amendment excessive force claims against both defendants contained in the first amended complaint, ECF No. 65.

3. All other claims in the first amended complaint, ECF No. 65, be DISMISSED as non-cognizable.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE